981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
REPUBLIC INSURANCE COMPANY, a foreign corporation,
Arkwright-Boston Manufacturers Mutual Insurance Company, a
foreign corporation; American Home Assurance Company, a
foreign corporation, Plaintiffs-Appellants,
v.
EMPLOYERS INSURANCE OF WAUSAU, a foreign corporation,
Defendant-Appellee.
 No. 91-35579.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1992.
Decided Dec. 15, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Republic Insurance Company, Arkwright-Boston Manufacturers Mutual Insurance Company and American Home Insurance Company (collectively "Republic") appeal from a judgment following a bench trial in favor of Employers Insurance of Wausau ("Wausau"). Republic contends Wausau improperly denied insurance coverage to Kiewit-Groves, Inc. ("Kiewit") under a miscellaneous marine liability ("MML") policy. As a result of Wausau's denial of coverage, Republic was forced to pay an additional $1 million under an excess insurance policy to settle a personal injury claim against Kiewit. The district court held in favor of Wausau, in part because no claim had been made on the MML policy within the one-year limit on claims in the policy. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 FACTS
 1. Insurance Coverage
 
 3
 Wausau issued two sets of marine insurance policies covering Knappton Corporation ("Knappton"), a shipping company. Each set of policies covered Kiewit as an additional insured.
 
 
 4
 One set of policies contained a protection and indemnity ("P & I") policy, which covered personal injuries aboard ship. The P & I policy limit was $1 million per Knappton vessel. The second set of policies contained the MML policy. The MML policy provided $1 million in total coverage. It was issued to Twin City Barge, Inc., a shipping company that acquired Knappton in 1983. Kiewit never received a certificate of insurance from Gene Sause & Co. ("Sause"), the broker who arranged the MML coverage.
 
 
 5
 Knappton and Kiewit were also insured under Republic's excess or "bumbershoot" policy, which provided $20 million in total coverage after the limits of underlying policies were exhausted. Both the P & I and the MML policies were listed as primary coverage in the text of the bumbershoot policy.
 
 2. The Underlying Claim and Its Settlement
 
 6
 Glen Musgrove, a Knappton employee, was injured in February 1984 while unloading a Knappton barge at a cargo terminal operated by Kiewit. Musgrove sued Knappton for damages and Knappton added Kiewit as a third-party defendant. Wausau refused to defend Kiewit in the Musgrove suit, although Kiewit was named as an additional assured under the P & I policy. Neither Kiewit nor Wausau was aware at this point that Kiewit had a potential claim for coverage under the MML policy, and the possibility of a defense under that policy was not investigated.
 
 
 7
 In August 1985, the Musgrove suit was settled for $5 million with Knappton and Kiewit accepting equal financial responsibility. Wausau paid $1 million under the P & I policy, Republic paid $1.5 million as Knappton's excess insurer and Kiewit's regular liability insurers paid $2.5 million.
 
 
 8
 Republic's and Kiewit's insurers negotiated a side agreement contemporaneously with the Musgrove settlement. The agreement allowed Kiewit's insurers to pursue and eventually to obtain from the state courts in Washington a declaratory judgment that Kiewit was covered under the Wausau P & I policy and thus the Republic bumbershoot policy as well. As a result of this judgment, Republic reimbursed Kiewit's insurers for their $2.5 million portion of the Musgrove settlement. Republic thus contributed a total of $4 million to the Musgrove claim settlement.
 
 3. The MML Dispute
 
 9
 While the Washington courts were adjudicating the P & I coverage dispute between Kiewit's insurers and Knappton's insurers, Kiewit learned of the MML policy. Kiewit made a claim under the policy in August 1987. Wausau denied the claim. Kiewit then filed this suit in district court to obtain MML coverage. Republic joined the suit, seeking to reduce its excess liability. After Kiewit's insurers collected reimbursement from Republic for Kiewit's share of the Musgrove settlement, Republic remained as the sole plaintiff in the litigation. The district court determined that Wausau properly denied Kiewit's and Republic's claims under the MML policy because no claim had been made within one year of the date of the Musgrove settlement, as required by section 8(F) of the MML policy. This appeal followed.
 
 DISCUSSION
 
 10
 Republic concedes that the limitation-of-action clause in the MML policy, if effective, is dispositive of this case. We must, therefore, determine (1) whether the district court erred in holding that a claim on the MML policy had to be made prior to October 1986, and (2) whether the district court correctly held that Wausau neither waived application of the one-year time bar nor was estopped from relying on it.
 
 
 11
 1. The Expiration Date of the One-Year Period
 
 
 12
 Republic argues that none of the relevant parties, including Wausau, knew that Kiewit was covered by the MML policy until July 1987. However, there is nothing in the record to indicate the district court erred in its finding of fact that Kiewit should have known of the existence of the MML policy when it filed the declaratory relief action in Washington state court against Republic in October 1985. The MML policy was listed in the Republic bumbershoot policy.
 
 
 13
 Republic argues that Kiewit may not have had a copy of the bumbershoot policy when it sued under that policy. The exact moment that Kiewit acquired the bumbershoot policy is far less relevant than the fact that Kiewit had the motive, the opportunity and the ability to make a claim on the MML policy in a timely fashion. In October 1985, Kiewit's interests were represented by two insurance companies who had paid $2.5 million to Musgrove in August 1985. The district court did not err when it concluded that these two companies could have fully investigated the extent of Kiewit's coverage and made a claim for MML coverage no later than October 1986.
 
 
 14
 Even if we disagreed with the district court regarding Kiewit's knowledge, Republic's own knowledge of the MML policy defeats its claim. Assuming arguendo that Republic is fully subrogated to Kiewit's position, Republic is still subject to any defenses, including the limitation-of-action defense, that Wausau could have asserted against Republic. Not only is a subrogee subject to the equitable defenses available against the subrogor, Timms v. James, 621 P.2d 798, 800 (Wash.App.1980), the subrogee cannot use subrogation to avoid defenses that would apply were the subrogee suing on its own behalf. See Coy v. Raabe, 418 P.2d 728, 731 (Wash.1966) (title insurer barred from using equitable subrogation due to its investigatory errors.)
 
 
 15
 Republic signed the bumbershoot policy, which listed the MML policy as an underlying policy. Therefore, Republic had actual knowledge that Kiewit had a potential claim for coverage under the MML policy for Musgrove's accident. When Republic paid $1.5 million to Musgrove in August 1985, it had one year from that date to invoke Kiewit's $1 million of coverage under the MML policy to reduce Republic's liability. No claim was made until August 1987.
 
 2. Waiver and Estoppel
 
 16
 We review for clear error a district court's findings of fact with respect to waiver and estoppel. In re Agric. Research & Technology Group, 916 F.2d 528, 537 (9th Cir.1990). We independently review whether the factual findings preclude application of the terms of the insurance contract because of waiver or estoppel. See Aetna Casualty & Surety Co. v. Pintlar Corp., 948 F.2d 1507, 1511 (9th Cir.1991) (de novo review of questions of law).
 
 
 17
 Republic argues that Wausau waived the limitation-of-action defense to the claim for MML coverage by adopting the Memorandum of Agreement dated August 8, 1985 between Republic and Kiewit's insurers. This agreement, however, specifically provides "[a]ll defenses of [Knappton's Insurers] are preserved." The limitation-of-action clause is such a defense. Nothing in the agreement or in the record below indicates that the parties contemplated the Memorandum of Agreement would operate as a waiver of any defenses under the terms of the Knappton policies.
 
 
 18
 Republic argues that Wausau is estopped from relying on the one-year time bar because Wausau failed to inform Kiewit of the existence of the MML policy and Kiewit never received a certificate of insurance. Republic contends Wausau also failed to keep it informed of the progress of the Musgrove litigation as required by the bumbershoot policy and Washington law, and failed to respond to the claims made by Kiewit when the MML policy first came to light.
 
 
 19
 The district court determined that Sause, who represented Knappton but not Wausau, was responsible for providing Kiewit with a proper certificate of insurance. We agree based on the unrebutted testimony of Doug Parks, an employee of Sause. Sause's conduct does not estop Wausau from invoking the time bar.
 
 
 20
 The district court also found that Wausau did not breach the assistance-and-cooperation clause in the bumbershoot policy. This finding is not clearly erroneous. Some evidence indicates that Wausau made efforts to inform Republic of the status of the Musgrove litigation. Only a minimal level of communication from the primary insurer to the excess insurer is required. Bohemia, Inc. v. Home Ins. Co., 725 F.2d 506, 514 (9th Cir.1984).
 
 
 21
 Finally, although Wausau may have mishandled Kiewit's claim after the one-year limitation on claims had passed, this did not preclude Wausau from asserting the one-year claim period which by then had expired.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3